UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CLINTON  RILEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 1:15-cv-01072-TWP-DML |
| | ) | |
| KEITH  BUTTS, Superintendent of New | ) | |
| Castle  Correctional Facility, | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Petition for Writ of Habeas Corpus**

This matter is before the Court on a Petition for Writ of Habeas Corpus filed by petitioner Clinton Riley. (Filing No. 1).   In a prison disciplinary proceeding identified as No. NCF 15-04-103, Riley was found guilty of violating prison rules by refusing a mandatory program and was sanctioned. Riley asserts that No. NCF 15-04-103 is tainted with constitutional error.

Having considered the habeas petition, the additional pleadings, and the expanded record, the Court finds that the Petition for Writ of Habeas Corpus should be **DENIED** and this action dismissed. This conclusion rests on the following facts and circumstances:

1.      In the challenged proceeding, Riley was charged on April 15, 2015 with having refused to take a polygraph assessment ordered by a SOMM (Sex Offender Monitor and Management Program) counselor. Riley's refusal had occurred on the afternoon of April 14, 2015.

2.      Riley was notified of the charge and of his procedural rights on April 16, 2015. He did not request witnesses or physical evidence, but did request a lay advocate.

3.      The hearing was held on April 21, 2015. Riley was present and made a statement concerning the charge. The hearing officer considered Riley's statement, together with other information, and found Riley guilty. This action was filed after Riley's administrative appeal was concluded.

4.      A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Limited and well-defined due process procedures must be followed before good time may be taken from a prison inmate such as petitioner Hodgins.

> Due process requires that prisoners in disciplinary proceedings be given: "(1) advance (at least 24 hours before hearing) written notice of the claimed violation; (2) the opportunity to be heard before an impartial decision maker; (3) the opportunity to call witnesses and present documentary evidence (when consistent with institutional safety); and (4) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action." *Rasheed-Bey v. Duckworth,* 969 F.2d 357, 361 (7th Cir. 1992); *see also Wolff v. McDonnell,* 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974).

*Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). In addition, there is a substantive component to the issue, which requires that the decision of a conduct board be supported by "some evidence." *Superintendent v. Hill,* 472 U.S. 445 (1985).

5.      A federal habeas court "will overturn the [hearing officer's] decision only if no reasonable adjudicator could have found [the petitioner] guilty of the offense on the basis of the evidence presented." *see Henderson v. United States Parole Comm'n,* 13 F.3d 1073, 1077 (7th Cir. 1993).   The evidence favorable to the decision of the hearing officer, is this: Because of his conviction for Rape, Riley was subject to the requirements of SOMM programming, one of which was that he take a polygraph assessment or admit his offense. Riley sought a temporary exemption from this requirement because of past challenges to his conviction in the Indiana state courts. He

was notified that he was not eligible for that exemption. Despite being informed of this, Riley refused to undergo the polygraph assessment on the afternoon of April 14, 2015.

6.      Under *Wolff* and *Hill,* Riley received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Riley was given the opportunity to appear before the hearing and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions imposed.

7.      The following deficiencies are alleged by Riley to show that he was denied the protections afforded by *Wolff*:

a.      Riley argues insufficiency of the evidence. However this argument lacks merit for the reasons already explained. *Hamilton v. O'Leary,* 976 F.2d 341, 346 (7th Cir. 1992)("only evidence that was presented to the Adjustment Committee is relevant to this analysis"). However, the evidence was constitutionally sufficient as to all components of the offense Riley was found to have committed.

b.      Riley contends that prison authorities acted vindictively, which perhaps suggests that the hearing officer was biased. "An inmate facing disciplinary charges has the right to an impartial decisionmaker. *Wolff,* 418 U.S. at 571. But 'the constitutional standard for impermissible bias is high,' *Piggie v. Cotton,* 342 F.3d 660, 666 (7th Cir. 2003), and an adjudicator is entitled to a presumption of 'honesty and integrity' absent clear evidence to the contrary, *see Withrow v. Larkin,* 421 U.S. 35, 47 (1975). "Guards and inmates co-exist in direct and intimate contact. Tension between them is unremitting. Frustration, resentment, and despair are commonplace. Relationships among the inmates are varied and complex . . . ." *Wolff v. McDonnell,* 418 U.S. 539, 562 (1974). "So has it been throughout the ages and so it is likely to continue." *Neal v. Oliver*, No. 2:12-CV-198-WTL-MJD, 2013 WL 3337955, at *1 (S.D.Ind. July 2, 2013). Nonetheless, this environment does not poison every measure taken by prison authorities to enforce rules of behavior. On the contrary, a board that follows established procedures, whose discretion is circumscribed by regulations, and which adheres to *Wolff's* procedural requirements, does not pose a hazard of arbitrariness which violates due process. *See McPherson,* 188 F.3d at 787 ("as long as procedural protections are constitutionally adequate, we will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent."). As already noted, the procedural protections required by *Wolff* were provided in No. NCF 15-04-103.

c.      Riley claims that prison regulations and policies were violated in No. NCF 15-04-103. Apart from their nuances, claims of this nature do not support federal habeas corpus

relief under 28 U.S.C. § 2254(a). *Evans v. McBride*, 94 F.3d 1062 (7th Cir. 1996); *Colon v. Schneider,* 899 F.2d 660, 672-73 (7th Cir. 1990); *see also Del Vecchio v. Illinois Dept. of Corrections,* 31 F.3d 1363, 1370 (7th Cir. 1994)(habeas corpus jurisdiction is limited to evaluating alleged violations of federal statutory or constitutional law), *cert. denied*, 516 U.S. 983 (1995).

8.      "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Riley to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **DENIED**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.


Date:  2/1/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana


Distribution:

Clinton Riley
DOC No. 111204
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

Electronically Registered Counsel