**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION**

| | |
|---|---|
| CLINTON RILEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:15-cv-01072-TWP-DML |
| ) | |
| KEITH BUTTS, Superintendent of New Castle ) | |
| Correctional Facility, ) | |
| ) | |
| Respondent. ) | |

**Entry and Order**

This habeas corpus challenge to a prison disciplinary proceeding identified as No. NCF 15-04-103 was concluded on February 1, 2016 with the issuance of judgment denying the petition. The reason for this disposition was the court's finding that the procedural protections to which the petitioner was entitled had been provided and the decision challenged was supported by at least "some evidence." This disposition was reached after the petitioner's custodian had responded to his petition for writ of habeas corpus, after the record had been appropriately expanded, and long after the petitioner's opportunity to reply—as established in the last sentence of the first paragraph of the Order to Show Cause issued on August 14, 2015—had expired.

Given the timing and the content of the post-judgment motion filed with the clerk on February 29, 2016 relative to the entry of Judgment entered on the clerk's docket on August 4, 2015, that filing is treated as a motion to alter or amend judgment pursuant to Rule 59(e) of the *Federal Rules of Civil Procedure*. *See Borrero v. City of Chicago,* 456 F.3d 698, 701-02 (7th Cir. 2006) (explaining that whether a motion filed within the time period contemplated by Rule 59(e) should be analyzed under Rule 59(e) or Rule 60(b) of the *Federal Rules of Civil Procedure* depends on the *substance* of the motion, not on the timing or label affixed to it).

Relief through a Rule 59(e) motion for reconsideration is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca,* 545 F.3d 582, 584 (7th Cir. 2008). The purpose of a motion to alter or amend judgment under Rule 59(e) is to have the court reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst and Whinney,* 489 U.S. 169, 174 (1988). Rule 59(e) "authorizes relief when a moving party 'clearly establish[es] either a manifest error of law or fact' or 'present[s] newly discovered evidence.'" *Souter v. International Union*, 993 F.2d 595, 599 (7th Cir. 1993) (quoting *Federal Deposit Ins. Corp. v. Meyer,* 781 F.2d 1260, 1268 (7th Cir. 1986)). A "manifest error" means "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000).

There was no manifest error of law or fact in this case. The Court did not misapprehend the petitioner's claims, nor did it misapply the law to those claims in finding that dismissal was required. Accordingly, the motion to alter or amend judgment [dkt. 27] is **denied**.

IT IS SO ORDERED.

Date: 3/2/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Clinton Riley
DOC No. 111204
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, IN 47362

Electronically Registered Counsel