UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CLINTON RILEY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>KEITH BUTTS, Superintendent of New )<br>Castle Correctional Facility, )<br>)<br>Respondent. ) | Case No. 1:15-cv-01072-TWP-DML |

### ORDER GRANTING MOTION FOR EXTENSION OF TIME
### IN WHICH TO FILE A NOTICE OF APPEAL

This habeas corpus challenge to a prison disciplinary proceeding identified as No. NCF 15-04-103 was concluded on February 1, 2016 with the issuance of judgment denying the petition. The reason for this disposition was the Court's finding that the procedural protections to which the Petitioner was entitled had been provided and the decision challenged was supported by at least "some evidence." This disposition was reached after the Petitioner's custodian had responded to his Petition for Writ of Habeas Corpus, after the record had been appropriately expanded, and after the Petitioner's opportunity to reply—as established in the last sentence of the first paragraph of the Order to Show Cause issued on August 14, 2015—had expired.

A series of post-judgment filings followed the entry of the Final Judgment:

- The Petitioner's Motion for Status of Ruling filed on February 8, 2016 (Filing No. 22), was denied on February 12, 2016;

- Relief sought in the Petitioner's Submission of Statement filed on February 22, 2016 (Filing No. 24), was denied on February 26, 2016;

- The Petitioner's Motion to Correct Errors filed on February 29, 2016 (Filing No. 27), was treated as a motion to alter or amend judgment and was denied on March 2, 2016;

- The Petitioner's Notice of Appeal filed with the Clerk on April 11, 2016 (Filing No. 30), was processed and has been docketed as No. 16-1808. The short record on appeal was issued on April 12, 2016; and

- The Petitioner's Motion to Proceed on Appeal *in forma pauperis* was filed on April 29, 2016 (Filing No. 36) and was denied on May 10, 2016.

On June 21, 2016, the Clerk docketed the Order of the Court of Appeals issued on June 21, 2016 directing this Court to determine whether to extend the time to appeal under Federal Rule of Appellate Procedure 4(a)(5).  In doing so, the Court of Appeals noted:

> In this case judgment was entered on February 2, 2016, and the order denying petitioner-appellant's Motion under Rule 59 (which was filed on February 29, 2016) was entered on March 2, 2916 [sic], starting the time to appeal. The notice of appeal filed on April 11, 2016, therefore, is ten days late.
>
> Petitioner-appellant Clinton Riley, however, filed a paper with the district court on April 29, 2016 (which the district court docketed as a "Letter from Clint Riley"). *See* district court docket no. 37. That paper sets out the reasons for petitioner-appellant Riley's untimely appeal.  We treat that filing as a motion to extend the time to appeal under Fed. R. App. P. 4(a)(5).

The Petitioner signed the Notice of Appeal on April 7, 2016.  The Court has therefore considered whether Petitioner could receive the benefit of the prison mailbox rule.  He cannot do so because to obtain the advantage of the mailbox rule, the Petitioner was required to *deposit* his notice of appeal in the jail's mail system with prepaid postage on or before the thirtieth day after the entry of judgment.  See Fed. R.App. P. 4(c); *Ingram v. Jones,* 507 F.3d 640, 643–44 (7th Cir. 2007). Petitioner did not do so, though in any event the Notice of Appeal would have been six days late.

"[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell,* 551 U.S. 205, 214 (2007).  Pursuant to Rule 4(a)(5) of Federal Rules of Appellate Procedure the court may extend the time to file a notice of appeal if the motion for extension of time is filed no later than 30 days after the time prescribed by Rule 4(a) expires and

the moving party shows excusable neglect or good cause. No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time, or 14 days after the date when the order granting the motion is entered, whichever is later.

The Petitioner's filing of April 29, 2016, which is treated as his motion for an extension of time in which to file a notice of appeal, was filed within thirty days after the Petitioner's initial time to notice an appeal expired on April 1, 2016. Such a motion may be granted upon a showing of good cause, a standard which "'applies in situations in which there is no fault—excusable or otherwise.'" *Sherman v. Quinn,* 668 F.3d 421, 425 (7th Cir. 2012) (quoting Fed. R.App. P. 4 cmt. 2002 Subdivision (a)(5)(A)(ii)); *see also Lorenzen v. Emps. Ret. Plan,* 896 F.2d 228, 232 (7th Cir. 1990). That is the situation implicated by the Petitioner's motion in this case.

The Petitioner's Motion for extension of time recites that he "has been impeded from filing this & prior documents in a more feasible and timely manner via diverse stage hands & stage crafts . . . non-access to law library, legal documents, computer access and copying for which Notice of these incidents were served upon and filed by the Clerk of the U.S. District Court."

Although the Petitioner's reference to "stage hands & stage crafts" is puzzling, it is clear from his motion that the modest delay in filing a timely notice of appeal is attributable to the circumstances of the Petitioner's confinement and the impact of those circumstances on his ability to file a timely notice of appeal. Also, although these circumstances are identified in somewhat conclusory terms, they show that the time in which the notice of appeal was submitted was dependent in part on circumstances beyond Petitioner's control and identify precisely the type of impediments one would expect to encounter in his prison environment. *Csanadi v. United States,* No. 3:15CV1459 (JBA), 2016 WL 2588162, at *7 (D.Conn. May 4, 2016). These circumstances

constitute "good cause" under Appellate Rule 4(a)(5) for the otherwise untimely appeal actually received by the Clerk on April 11, 2016. *Sherman v. Quinn*, 668 F.3d 421, 425 (7th Cir. 2012). The Motion for Extension of Time (Filing No. 37) is therefore **GRANTED.**

The Clerk of the District Court shall **forward** this Order to the Clerk of the Court of Appeals for consideration in No. 16-1808.

**SO ORDERED.**

Date: 6/22/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Clinton Riley, #111204
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, Indiana 47362

Kyle Hunter
OFFICE OF THE INDIANA ATTORNEY GENERAL
kyle.hunter@atg.in.gov